```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,
                                                12 CR 391(BMC)
            -against-                            POST TRIAL MOTIONS
                                                 PURSUANT TO RULE 29/33
                                                 OF THE FRCP

STEVE DOVE,
                    Defendant
---------------------------------------------------------x
```

The defendant Mr. Steve Dove was charged with being a member of a large multi defendant conspiracy, based in Queens New York, with its primary goal of trafficking in heroin. By the time the case proceeded to trial, Mr. Dove was the only defendant remaining who had not resolved his case. The defendant was charged under count 1 of the indictment with conspiracy to possess and distribute heroin and cocaine. In addition Mr. Dove was charged under Count 12 with possession with intent to distribute cocaine. Further, at the request of the defense, the Court instructed the jury on the lesser included offense of simple possession of cocaine pursuant to 21 U.S.C. § 844. The defendant was convicted of Count 1 but acquitted of Count 12 as well as the lesser included charge.

A review of the procedural history of this case is crucial in assessing the viability of the defendant's application for relief.

1

The defendant Mr. Dove was arrested on or about June 17, 2012 charged with being part of a conspiracy in Queens New York. The main focus of the conspiracy was trafficking in heroin. The conspiracy was in existence for at least one year before all the participants were arrested in June, 2012.

It appears that the members of the conspiracy, with the exception of Mr. Dove, had multiple transactions in heroin during the pendency of the conspiracy. At trial the undercover officer testified that he was personally aware of at least 12 transactions engaged in by members of the conspiracy. The narcotics sales involved either heroin or prescription drugs. The undercover never testified as to any transactions involving cocaine except the one isolated alleged transaction where Mr. Dove was present.

The indictment as well the trial testimony placed Mr. Dove's only involvement or mention in the conspiracy was during an alleged transaction of cocaine on or about May 23, 2013. It was this very transaction that the jury considered and agreed to acquit the defendant of the possession with intent to distribute as well as the simple possession.

2

It is interesting to note that during the argument on the defense's Rule 29 motion, the Court closely questioned the Assistant United States Attorney Mr. Nitze as to Mr. Dove's conspiracy participation. concern as to the lack of proof against the defendant's participation with the conspiracy. During oral argument on the motion the Court specifically questioned the government as to any other evidence against Mr. Dove's connection with the conspiracy, outside of the conversation in the vehicle with the undercover officer and Mr. Ingraham. Mr. Nitze responded that there was no additional evidence connecting Mr. Dove to the charged conspiracy aside from the one isolated conversation,

Further during the government's rebuttal summation, the Assistant clearly stated to the Jury that this case was" a heroin conspiracy case" There was no mention that it was a cocaine conspiracy case. Their position was not a mis-speak, but a clear statement of the government's view of the evidence

The Court expressed great concern as to the lack of proof against the defendant's participation with the conspiracy, especially the connection to heroin activities

It is clear and beyond question that if the government is resting their theory on a spurious conversation with Mr. Dove, then this Court must grant the motion to dismiss. The evidence, taken in a light most favorable to the prosecution does not

3

demonstrate that Mr. Dove was a member of the conspiracy charged in the indictment. The conversation, if believed, alleges that Mr. Ingraham was introducing Mr. Dove to the undercover for their (Mr. Dove and the undercover) own future and unspecified "business relationships" and not part of the charged conspiracy.

The record is devoid of any evidence that Mr. Dove had any connection with heroin or a heroin conspiracy.

Rule 33 of the Federal Rules of Criminal Procedure provide as follows:

**a) Defendant's Motion.**

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

For the reasons set forth this Court, should without hesitation or reluctance grant the defendant's original motion pursuant to Rule 29 to dismiss the indictment or in the alternative order a new trial pursuant to Rule 33. The defense is acutely aware of the heavy burden it faces when it urges this Court to set aside a jury verdict pursuant to Rule 33. In the case United States v. McCourty, No. 07-3862-cr (2d Cir. 04/09/2009) the Court stated "We review challenges to a district court's denial of a Rule 33 motion "for an abuse of discretion" and "accept the district court's

4

factual findings unless they are clearly erroneous." United States v. Gallego, 191 F.3d 156, 161 (2d Cir. 1999). "[Rule 33] motions are granted only in 'extraordinary circumstances,' and are committed to the trial court's discretion." United States v. Torres, 128 F.3d 38, 48 (2d Cir. 1997) (citation omitted) (quoting United States v. Moore, 54 F.3d 92, 99 (2d Cir. 1995)).

The defendant bears the burden of proving that he is entitled to a new trial under Rule 33, and before ordering a new trial pursuant to Rule 33, a district court must find that there is "'a real concern that an innocent person may have been convicted.'" United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)). Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." Sanchez, 969 F.2d at 1414. An example of exceptional circumstances is where testimony is "patently incredible or defies physical realities," and the district court's identification of problematic testimony does not automatically meet this standard."

The indictment as well the trial testimony placed Mr. Dove's only involvement or

5

mention in the conspiracy was during an alleged transaction of cocaine on or about May 23, 2013. It was this very transaction that the jury considered and agreed to acquit the defendant of the possession with intent to distribute as well as the simple possession.

In the case of <u>USA v. Jeffrey Truman Docket No. 11-784-cr (Second Circuit Decided: July 25, 2012)</u> 789) the Court set out the appropriate standard to consider a defendant's post trial Rule 29/33 motion. "We have explained that on a motion for a judgment of acquittal, a district court must determine the sufficiency of the evidence supporting the guilty verdict, Fed. R. Crim. P. 29(a), and it must evaluate all of the evidence, including improperly admitted evidence, <u>United States v. Cruz, 363 F.3d 187, 197 (2d Cir. 2004) (citing Lockhart v. Nelson, 488 U.S. 33, 39-40 (1988)).</u> Under Rule 29(b), when a district court reserves decision on a defendant's Rule 29 motion at the close of the Government's evidence, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). We review de novo a district court's grant of a judgment of acquittal, <u>United States v. Coté, 544 F.3d 88, 98 (2d Cir. 2008),</u> and on appeal we view the trial evidence in the light most favorable to the Government, <u>United States v. Reyes, 302 F.3d 48, 58 (2d Cir. 2002)</u>. When a defendant has been prejudiced by improperly admitted evidence, the proper

remedy is not a judgment of acquittal but a new trial. See, e.g., United States v. Bruno, 383 F.3d 65, 90 n.20 (2d Cir. 2004)"

The Court opined on the standard to be used by Courts in ruling on an application for relief under Rule 33. It concluded that Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice."(quotation marks omitted)). A district court may grant a new trial "if the interest of justice so requires," Fed. R. Crim. P. 33(a), but it "abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision . . . cannot be located within the range of permissible decisions," United States v. Gonzalez, 647 F.3d 41, 57 (2d Cir. 2011).

When considering a motion for a new trial under Rule 33, a district court has discretion to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992) (quotation marks omitted). Even in cases involving a witness's perjured testimony, however, a new trial is warranted only if "the jury probably would have acquitted in the absence of the false testimony."

7

In considering the Court's role in deciding this application it is important that your consider the comments of Justice Steven joined in by Justice Kennedy in his dissenting opinion in the case of Carlisle v. United States (94-9247), 517 U.S. 416 (1996).

"Trial judges are kept busy responding to motions, objections and requests by the litigants. It is quite wrong, however, to assume that a judge is nothing more than a referee whose authority is limited to granting or denying motions advanced by the parties. As Learned Hand tersely noted, a "judge, at least in a federal court, is more than a moderator; he is affirmatively charged with securing a fair trial, and he must intervene sua sponte to that end, when necessary." *Brown* v. *Walter*, 62 F. 2d 798, 799 (CA2 1933). That duty encompasses not only the avoidance of error before it occurs, but the correction of error that may have occurred earlier in a proceeding.

The basic principle has been stated many times. There is a "power `inherent in every court of justice so long as it retains control of the subject matter and of the parties, to correct that which has been wrongfully done by virtue of its process.' *Arkadelphia Co.* v. *St. Louis Southwestern Ry. Co.*, 249 U.S. 134, 146. See *Northwestern Fuel Co.*

8

v. *Brock*, 139 U.S. 216, 219." *United States* v. *Morgan*, 307 U.S. 183, 197 (1939). Although that statement was made in a civil case, we have made it clear that a federal court has even broader discretion to notice error independently in the trial of a criminal case than in civil cases. *Crawford* v. *United States*, 212 U.S. 183, 194 (1909). "

WHEREFORE IT IS URGED that this Court grant defendant Steve Dove's motion pursuant to Rule 29 and dismiss Count 1 of the Indictment for which the defendant was found guilty or in the alternative set aside the verdict of guilty and order a new trial on the sole remaining count in the indictment against Mr. Dove together with whatever other relief this Court may deem just and proper.

DATED: May 7, 2013
        New York, NY

                              /S/
                        _____
                        MARTIN J. SIEGEL

CC-Samuel Nitze, Esq.
    US Attorney's Office

9

10